UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHERYL EPHRAN-DOME,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. __4:21-cv-649__ |
| | § | |
| **STARBUCKS CORPORATION,** | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Now comes Defendant, Starbucks Corporation ("Starbucks"), and files this its Notice of Removal of the present action from the 434th Judicial District Court of Fort Bend County, Texas, where it was filed as Cause No. 21-DCV-280376 ("the State Court Action"), to the United States District Court for the Southern District of Texas, Houston Division. As grounds for removal, Starbucks states as follows:

**I. INTRODUCTION**

1. The present personal injury suit arises from an alleged hot drink spill that occurred on or about November 13, 2019 at the Starbucks premises located at 3613 South Main Street, Stafford, Fort Bend County, Texas.[1] At the time of the alleged incident, Plaintiff claims that, while sitting at a table, either a Starbucks partner or customer walked by and dropped a cup of hot tea onto Plaintiff, thereby resulting in personal injury and other losses and/or damages.[2]

---

[1] *See* Plaintiff's Original Petition ¶ IV, ***Exhibit "1"*** attached hereto.

[2] *See* Plaintiff's Original Petition ¶ IV, ***Exhibit "1"*** attached hereto.

2. On January 28, 2021, Plaintiff filed the State Court Action naming Starbucks as the only Defendant and asserting claims of negligence.[3] As damages, Plaintiff seeks reasonable and necessary costs of medical care and treatment in the past and future, physical pain and suffering in the past and future, mental anguish in the past and future, physical impairment in the past and future, loss of earnings in the past, loss of earning capacity in the future, and physical disfigurement in the past and future.[4]

3. Pursuant 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Starbucks in the State Court Action are attached hereto.

## II. REMOVAL IS TIMELY

4. Plaintiff served Starbucks with process on February 3, 2021.[5] Pursuant to 28 U.S.C. § 1446(b)(3), Starbucks now timely files this Notice of Removal within 30 days after service and receipt of Plaintiff's Original Petition. Additionally, this case is being removed within one year of commencement of the action, as required by 28 U.S.C. § 1446(c)(1).

## III. GROUNDS FOR REMOVAL

5. Removal is proper because Plaintiff and Starbucks are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

---

[3] *See* Citation to Starbucks Corporation, **Exhibits "2" & "3"** attached hereto.

[4] *See* Plaintiff's Original Petition ¶¶ II & V, **Exhibit "1"** attached hereto.

[5] *See* executed Citation to Starbucks Corporation, **Exhibit "4"** attached hereto.

**A.      The Amount in Controversy Exceeds $75,000**

6.      As required by under section 28 U.S.C. 1332(a), the amount in controversy in this litigation exceeds the sum or value of $75,000, exclusive of interest and costs.  As noted in paragraph I.2 above, Plaintiff seeks recovery for personal injuries, losses and/or damages she alleges to have sustained and requests monetary relief over $250,000 but not more than $1,000,000.[6]

**B.      Complete Diversity of Citizenship Between Plaintiff and Starbucks**

7.      Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir.2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).  Complete diversity exists in this case between Plaintiff and Starbucks because Plaintiff is a citizen of the State of Texas, and Starbucks is a Washington corporation, with its principal place of business in Seattle, Washington.  *See* 28 U.S.C. § 1332 (c)(1) (instruction "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").  Here, Plaintiff and Defendant are citizens of different states, thus, complete diversity of citizenship exists between the parties. *See McLaughlin*, 376 F.3d at 353; *Harvey*, 542 F.3d at 1079.

### IV.  VENUE IS PROPER

8.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the location in which the removed State Court Action has been pending.

---

[6] *See* Plaintiff's Original Petition ¶ VI, ***Exhibit "1"*** attached hereto.

Specifically, the Houston Division of the Southern District of Texas encompasses Harris County, Texas. *See* 28 U.S.C. § 124(b)(3).

### V. STARBUCKS HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

9. As required under 28 U.S.C. § 1446(a) and Local Rule 81,[7] the following documents are attached to this Notice of Removal:

    a.   *Exhibit 1*:   Plaintiff's Original Petition;

    b.   *Exhibit 2:*   Request for Process;

    c.   *Exhibit 3*:   Citation;

    d.   *Exhibit 4*:   Notice and Return of Citation;

    e.   *Exhibit 5:*   Defendant's Original Answer; and

    f.   *Exhibit 6*:   Docket sheet from the State Court Action.

10. A Notification of Removal of Civil Action will be filed with the District Clerk of Fort Bend County, Texas as required by 28 U.S.C. § 1446(d) and served on Plaintiff's attorney of record.

11. The filing fee has been paid to the Clerk of the Court.

### VI. NOTICE

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Fort Bend County District Clerk and a copy provided to counsel of record for Plaintiff.

## VII. Jury Demand

13. No jury demand was made in the State Court Action.

## VIII. Conclusion and Prayer

14. Starbucks represents that it has complied with the removal statutes set forth above, and, thus, this action stands removed from the 434th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Accordingly, the filing of this notice, along with the filing of the notice in the State Court Action and service of same upon Plaintiff's counsel serves to immediately confer exclusive jurisdiction of this action upon this Court and divests the state court of all jurisdiction over these proceedings and claims.

15. This Notice of Removal is filed expressly subject to and without waiving any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

Respectfully submitted,

**Shelton & Valadez, P.C.**
600 Navarro Street, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
Email: gcorley@shelton-valadez.com

By: /s/ *Gayla Corley*
**GAYLA CORLEY**
State Bar No. 00790505
Federal ID No. 20181
**ATTORNEYS FOR DEFENDANT, STARBUCKS CORPORATION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing instrument was electronically filed with the Clerk of the United States District Court for the Southern District of Texas, Houston Division, and that a true and correct copy of the foregoing instrument and the documents referred to herein will be served upon all counsel of record pursuant to ECF as to Filing Users on this the 26th day of February, 2021.

                                                                /s/ *Gayla Corley*
                                                                **GAYLA CORLEY**