4:21-cv-649

# EXHIBIT "1"

Filed
1/28/2021 10:00 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Shelby Taylor

NO. **21-DCV-280376**

| | | |
|---|---|---|
| CHERYL EPHRAN-DOME | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | Fort Bend County - 434th Judicial District Court |
| STARBUCKS CORPORATION | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff CHERYL EPHRAN-DOME, in the above-styled and numbered cause, complaining of Defendant STARBUCKS CORPORATION, and for cause of action would respectfully show unto this Honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.

### II.
### PARTIES

Plaintiff, CHERYL EPHRAN-DOME, is an individual who resides in Fort Bend County, Texas.

Defendant STARBUCKS CORPORATION is a Foreign For-Profit Corporation doing business in the State of Texas for the purpose of profit and may be served with process and citation by serving its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. **SERVICE IS REQUESTED VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED, ISSUED BY THE FORT BEND COUNTY DISTRICT CLERK.**

### III.
### JURISDICTION AND VENUE

Venue is proper and permissive in Fort Bend County, Texas as the incident which makes the basis of this suit occurred in Fort Bend County, Texas. Further, Plaintiff suffered damages within the jurisdictional limits of the Court. Plaintiff reserves the right to amend said pleading should additional facts become known which affect this evaluation.

### IV.
### BACKGROUND FACTS

Plaintiff would show that on or about November 13, 2019, Plaintiff was a customer of Defendants' business located at 3613 South Main Street, Stafford, Fort Bend County, Texas. Plaintiff was sitting at a table when one of Defendant's employees or one of Defendant's patrons walked by and dropped a cup of scalding, hot tea onto Plaintiff which caused severe burns. Defendant's employees negligently prepared their beverages at a temperature which was unfit for human consumption and contact and was dangerous. The hot tea discussed above proximately caused the injuries and damages more specifically described herein.

### V.
### NEGLIGENE

On the occasion in question, the Defendants, acting through their agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to properly train its employees on the procedures for brewing beverages at a safe temperature;

2. In failing to brew beverages at a safe temperature;

3. In failing to warn customers, including the Plaintiff of the dangerous condition created by the hot beverages;

4. In failing to implement adequate safety programs to protect customers from being injured by beverages which are made at unsafe temperatures;

5. In failing to safely carry hot beverages;

6. In brewing hot beverages at a temperature that was unsafe for human consumption and/or contact; and

7. In spilling the hot beverage on to Plaintiff.

Each of these acts and omissions, singularly or in combination with others, constitute negligence. Such acts and omissions proximately caused the occurrence made the basis of this suit and the resulting injuries and damages suffered by Plaintiff.

Defendant's employees were negligent as stated above. Further, Plaintiff would show that at the time of this accident, Defendant's employees were acting in the course and scope of their employment and therefore Defendant STARBUCKS CORPORATION is liable under the doctrine of respondeat superior.

## VI.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff suffered and endured anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident.

B.  Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Mental anguish in the past;

E.  Physical pain and suffering in the future;

F.  Mental anguish in the future;

G.  Physical impairment in the past;

H.  Physical impairment which, in all reasonable probability, will be suffered in the future;

I.  Loss of earnings in the past;

J.  Loss of earning capacity which will, in all probability, be incurred in the future;

K.  Physical disfigurement in the past; and

L.  Physical disfigurement which will, in all probability, be suffered in the future.

As discussed above, Plaintiff suffered not only easily quantifiable economic damages, but also other forms of damages such as mental anguish and physical pain and will likely continue to suffer these damages in the future. Plaintiff is required by Texas law to state the maximum amount of damages she seeks. Plaintiff believes that when the totality of her damages are considered, along with the wrongful nature of Defendant's conduct, a fact finder may decide that Plaintiff's damages exceed two

hundred fifty thousand dollars ($250,000.00) but it is unlikely that a fact finder would decide that Plaintiff's damages exceed one million dollars ($1,000,000.00). Plaintiff therefore sues for a sum in excess of two hundred fifty thousand dollars but not to exceed one million dollars to be determined by the fact finder in its sole discretion.

## VII.
## INTEREST

Plaintiff seeks pre- and post-judgment interest at the highest legal rate allowed by law.

## VIII.
## RULE 194 REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose, within fifty (50) days of service of this Petition and this request, the information or material described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant STARBUCKS CORPORATION be cited to appear and answer herein and that upon final trial, Plaintiff has judgment against Defendant for actual and special damages described above in the full amount allowed by law, together with costs of court, pre-judgment and post-judgment interest, and for relief, both general and special, at law or in equity, to which Plaintiff is justly entitled to receive.

Respectfully Submitted,

GLAZE | GARRETT

*/s/ Jordan Glaze*
**Jordan A. Glaze**
Texas Bar No. 24059826
**Josh Garrett**
Texas Bar No. 24067616
**Greg Geddie**
Texas Bar No. 24116419
P.O. Box 1599
Gilmer, Texas 75644
T: 903-843-2323/ F: 888-511-1225
j.glaze@glazegarrett.com
**ATTORNEYS FOR PLAINTIFF**